# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF GEORGIA

### SAVANNAH DIVISION

JESSE BUTLER,                                     )
                                                  )
    Petitioner,                                )
                                                  )
v.                                                )     Case No.  CV402-61
                                                  )
VICTOR WALKER, Warden,                            )
                                                  )
    Respondent.                                )

## REPORT AND RECOMMENDATION

Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, the Court recommends that the petition be DISMISSED.

## I.    BACKGROUND

On September 18, 1996, a Liberty County grand jury indicted petitioner on charges of malice murder, felony murder while in the commission of a burglary, three counts of armed robbery, aggravated assault, burglary, and possession of a firearm during the commission of a felony.  Butler v. State, 541 S.E.2d 653, 656 n. 1 (Ga. 2001).  On November 20, 1997, a jury convicted petitioner on all counts.  Id.  The trial court

sentenced petitioner to consecutive sentences of life imprisonment for malice murder, life imprisonment for each count of armed robbery, twenty years' imprisonment for aggravated assault, twenty years' imprisonment for burglary, and five years' imprisonment for the firearm charge. Id.

Petitioner's trial counsel filed a motion for a new trial on December 19, 1997, and petitioner's new appellate counsel filed a motion for a new trial on May 4, 1999, which was amended on August 23, 1999. Butler, 541 S.E.2d at 656 n.1. The trial court denied this amended motion for a new trial on January 4, 2000. Id. at 656. Petitioner pursued a direct appeal in the Georgia Court of Appeals, which was transferred to the Georgia Supreme Court on May 2, 2000. Id. The Georgia Supreme Court affirmed petitioner's conviction on February 5, 2001. Id. Petitioner did not file a state habeas corpus petition.

Petitioner executed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on February 11, 2002, asserting the following grounds for relief:

(1)   Petitioner was denied due process and the right to a fair trial when the trial court erred by:

2

    (a)    allowing the state to place petitioner's character into evidence by admitting a photograph with petitioner holding a toy gun;

    (b)    admitting into evidence jewelry seized from Alisa Payne, petitioner's girlfriend (and trial counsel was ineffective for not objecting to the relevance of the jewelry);

    (c)    admitting into evidence a hat seized at decedent's house;

(2)    Petitioner was denied due process when the prosecuting attorney:

    (a)    cross-examined petitioner about his first-offender status;

    (b)    commented during closing argument that his co-defendant had been convicted of murder;

    (c)    offered the false testimony of Robert Coma;

(3)    Trial counsel was ineffective for:

    (a)    placing into evidence that petitioner had been on parole;

    (b)    failing to adequately cross-examine Robert Coma;

    (c)    failing to call alibi witnesses;

    (d)    failing to investigate petitioner's claim of actual innocence;

    (e)    failing to object to prejudicial evidence on the ground of relevancy;

    (f)    failing to prepare motions to suppress;

(4)    Petitioner was denied due process because the state failed to prove petitioner's guilt beyond a reasonable doubt;

Doc. 1.

On March 13, 2002, this Court recommended that the petition be summarily dismissed for failure to exhaust state habeas corpus remedies. Doc. 4. The case was closed on April 8, 2002, when the district judge adopted the Report and Recommendation of the magistrate judge. Doc. 7.

Petitioner filed a motion for reconsideration, which the district court granted on April 24, 2002, and ordered the case reopened. Doc. 9, 10.

Through oversight, the case was not re-referred to the magistrate judge and sat idle for nearly three years. Doc. 11. Even after the district court noticed the error and directed the Clerk to refer the case to the magistrate judge, the magistrate judge was not given notice of the referral and the case again was overlooked. A routine review of the Court's docket uncovered the oversight and the magistrate judge was alerted as to the need for disposition of the case. On July 22, 2005, this Court ordered service of petitioner's § 2254 petition on respondent and the Attorney General of the State of Georgia. Doc. 12. Respondent filed his answer and response on August 24, 2005. Doc. 15.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, signed into law on April 24, 1996, amended 28 U.S.C. § 2254(d) to provide:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in

4

State court proceedings unless the adjudication of the claim --

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court must first determine the scope of its review of the state court's legal and factual determinations. In Neeley v. Nagle, 138 F.3d 917, 922-25 (11th Cir. 1998), the Eleventh Circuit outlined a three-step analysis to be applied in reviewing a § 2254 petition. First, a court must determine the "clearly established" law by "'survey[ing] the legal landscape'" at the time the state court adjudicated the petitioner's claim to determine the applicable Supreme Court authority . . . ." Id. at 923.[1] A legal principle is "clearly established" if "Supreme Court precedent would have compelled a particular result in the case." Id.; see also Hogan v. Hanks, 97 F.3d 189, 192

_____

[1] Only the rules articulated by the Supreme Court may be considered to determine the reasonableness of a state court decision. Lindh, 96 F.3d at 869; accord Green, 143 F.3d at 874. "This is a retrenchment from former practice, which allowed the United States courts of appeals to rely on their own jurisprudence in addition to that of the Supreme Court." Lindh, 96 F.3d at 869. Furthermore, it is only the holdings, not the dicta, of Supreme Court decisions that constitute "clearly established Federal law" within the meaning of the statute. Williams v. Taylor, 120 S. Ct. 1495, 1523 (2000).

(7th Cir. 1996) ("[A] rule [is] not 'clearly established' unless it [is] 'compelled by existing precedent.'").

The court must then determine whether a state court's adjudication of the claim was "contrary to" the clearly established Supreme Court precedent. Neeley, 138 F.3d at 923. A decision is "contrary to" the then-existing federal law if the state court either failed to apply the proper Supreme Court precedent or reached a different conclusion than the Supreme Court on substantially similar facts. Id. at 923, 924.

If the state court has applied the proper law, the federal court must then determine whether the state court's adjudication of the claim is an "unreasonable application" of Supreme Court authority. Id. at 924. This provision refers to mixed questions of law and fact. Id.; Drinkard v. Johnson, 97 F.3d 751, 767 (5th Cir. 1996); Lindh v. Murphy, 96 F.3d 856, 870 (7th Cir. 1996) (en banc), rev'd on other grounds, 117 S. Ct. 2059 (1997).[2] Under this standard of review, a federal court may not grant habeas relief based on its mere disagreement with the state court's decision because "[t]his would amount to de novo review, which Congress clearly did

---

[2]The Supreme Court held in Lindh that the standard of review provisions in § 2254(d) do not apply to cases that were pending at the time the AEDPA went into effect.

not intend." Neeley, 138 F.3d at 924; see H.R.Conf.Rep. No. 518, 104th Cong., 2nd Sess. 111 (1996), reprinted in 1996 U.S.C.C.A.N. 944, 944 (indicating that § 2254(d)(1) "requires deference to the determinations of state courts that are neither 'contrary to,' nor an 'unreasonable application of,' clearly established federal law"). The Seventh Circuit summarized its interpretation of amended § 2254(d)(1):

> The Supreme Court of the United States sets the bounds of what is "reasonable"; a state decision within those limits must be respected — not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another judicial system after full litigation is reserved for grave occasions. That is the principal change effected by § 2254(d)(1).

Lindh, 96 F.3d at 871.

Noting that two courts "can differ over the proper resolution of a close question without either viewpoint being unreasonable," the Neeley court concluded that a federal court may grant the writ "'only if a state court decision is so clearly incorrect that it would not be debatable among reasonable jurists.'" Neeley, 138 F.3d at 768 (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir. 1996). "In effect, a reasonable, good faith

application of Supreme Court precedent will immunize the state court conviction from federal habeas reversal, even if federal courts later reject that view of the applicable precedent." Mata v. Johnson, 99 F.3d 1261, 1268 (5th Cir. 1996), vacated in part on other grounds, 105 F.3d 209 (5th Cir. 1997).[3]

The Eleventh Circuit has recognized that the "reasonable jurist" standard, which the Neeley court identified as the third step in applying § 2254(d)(1), was squarely rejected by the Supreme Court in Williams v. Taylor, 529 U.S. 362, 120 S .Ct. 1495, 1521-22 (2000). Parker v. Head, 244 F.3d 831, 835 (11th Cir. 2001). In Williams the Supreme Court held that

---

[3]The Seventh Circuit likewise held that a perfunctory analysis is sufficient as long as the state court's conclusion is reasonable:

> [O]f course the better the job the state court does in explaining the grounds for its rulings, the more likely those rulings are to withstand further judicial review. That is just realism. It doesn't follow that the criterion of a reasonable determination is whether it is well-reasoned. It is not. It is whether the determination is at least minimally consistent with the facts and circumstances of the case.

Hennon v. Cooper, 109 F.3d 330, 334 (7th Cir. 1997) (Posner, J.); see Sweeney v. Parke, 113 F.3d 716, 718 (7th Cir. 1997) (holding state court determination reasonable if minimally consistent with facts and circumstances of case). The court suggested that the term "unreasonable" was stronger than "erroneous" and perhaps stronger than "clearly erroneous." Hennon, 109 F.3d at 334 (citation omitted); see also Holman v. Gilmore, 126 F.3d 876, 882 (7th Cir. 1997) (finding only clear error in applying Strickland would justify granting habeas relief); Berryman v. Horton, 100 F.3d 1089, 1103 (3d Cir. 1996) (finding state court determination reasonable unless it makes "grave error").

a federal court applying the "unreasonable application" clause of §
2254(d)(1)

> should ask whether the state court's application of
> clearly established federal law was *objectively*
> unreasonable.  The federal habeas court should not
> transform the inquiry into a subjective one by
> resting its determination instead on the simple fact
> that at least one of the Nation's jurists has applied
> the relevant federal law in the same manner the
> state court did in the habeas petitioner's case.

Williams, 120 S. Ct. at 1521-22 (emphasis added).   The court then
emphasized that a federal court may not issue the writ "simply because that
court concludes in its independent judgment that the relevant state-court
decision applied clearly established federal law erroneously or incorrectly.
Rather, that application must also be unreasonable."  Id. at 1522.  With
these considerations in mind, the Court will now turn to petitioner's
asserted grounds for relief.

## III.  ANALYSIS

### A.    Procedural Default

In ground 1(c), petitioner alleges that the trial court erred for
admitting into evidence a hat seized at decedent's house.  Doc. 1.

9

Respondent argues that petitioner has procedurally defaulted this claim under O.C.G.A. § 9-14-48(d), because petitioner had failed to raise this claim at trial or on direct appeal.

Under Georgia law, claims not raised at trial or on direct appeal are procedurally defaulted and no habeas relief may be granted. O.C.G.A. § 9-14-48(d); <u>Agan v. Vaughn</u>, 119 F. 3d 1538, 1549 (11th Cir. 1997); <u>Black v. Hardin</u>, 336 S.E.2d 754, 755 (Ga. 1985). The authority of federal courts to review a state criminal conviction is strictly constrained when a petitioner procedurally defaulted on his claim by failing to follow applicable state procedural rules. <u>Sims v. Singletary</u>, 155 F.3d 1297, 1311 (11th Cir. 1998); <u>Johnson v. Singletary</u>, 938 F.2d 1166, 1173 (11th Cir. 1991). "Federal habeas review . . . is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). "A 'fundamental miscarriage of justice' occurs in an extraordinary case, where a constitutional violation has resulted in the conviction of someone who is actually innocent." <u>Henderson v. Campbell</u>,

353 F.3d 880, 892 (11th Cir. 2003).   Petitioner has shown no cause or prejudice for his procedural default, or demonstrated his "actual innocence," either before the court of appeals or this Court.   Thus, petitioner has presented no basis for excusing his procedural default.   "A federal court must dismiss those claims or portions of claims that are procedurally barred under state law." Sims, 155 F.3d at 1311 (citations omitted). Accordingly, the Court recommends that petitioner's claim under ground 1(c) be DISMISSED.

## B.   Trial Court Errors

In grounds 1(a) and 1(b), petitioner alleges that he was denied due process and the right to a fair trial on account of the trial court errors of allowing the state to place petitioner's character in issue by admitting into evidence a photograph of petitioner holding a toy gun, as well as jewelry seized from Alisa Payne, petitioner's girlfriend. Doc. 1.  Petitioner raised these claims in his direct appeal before the Georgia Supreme Court, which found no error in the state's evidence presented at trial. Butler, 541 S.E.2d at 657.

A federal court is "limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States" in conducting habeas review. Estelle v. McGuire, 502 U.S. 62, 68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Id. at 67-68. "'A federal habeas court may not issue a writ on the basis of a state's interpretation of its own laws and rules, absent extreme circumstances.'" Breedlove v. Moore, 279 F.3d 962, 963 (11th Cir. 2002) (citing Pulley v. Harris, 465 U.S. 37, 42 (1984)). On habeas review, a federal court is limited to determining whether a petitioner's federal due process rights were violated. See Woods v. Estelle, 547 F.2d 269, 271 (5th Cir. 1977). This Court, therefore, can only review state evidentiary rulings to determine whether the "ruling affects the fundamental fairness of the trial." Sims, 155 F.3d at 1312. "Additionally, such trial court errors are subject to the harmless error analysis and will not be the basis of federal habeas relief unless the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" Sims, 155 F.3d at 1312 (citing Brecht v. Abrahamson, 507 U.S. 619, 623, 113 (1993)).

Here, petitioner has failed to establish a due process violation.  In ground 1(a), petitioner argues that the trial court violated his due process rights by admitting into evidence a photograph of him and his girlfriend in which his girlfriend was holding a toy gun. Doc. 1.  Petitioner claims that by admitting this photograph, the state impermissibly placed his character in issue. Id.  The Georgia Supreme Court held that petitioner was barred from objecting to this evidence on appeal because his objection at trial was based on the relevancy of the photograph; therefore, the court concluded that any objection  based on improper injection of character was not preserved for appeal.  Butler, 541 S.E.2d at 657.  Even if petitioner had objected to the evidence on the ground he now raises, any error in admitting the evidence did not affect the fundamental fairness of petitioner's trial. As stated by the Federal Rules of Evidence, "[e]vidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith."  Fed. R. Evid. 404(a).  Here, the photograph was introduced to demonstrate that petitioner's girlfriend, Alisa Payne, had on similar jewelry around the time of the murder.  Trial Tr. at 564.  The state even stipulated that the gun was in fact a toy gun, diminishing any

13

prejudicial effect the photograph had on the jury. Id. at 260.  Furthermore, it was Payne, not petitioner, who was holding the toy gun in the photograph, and she explained at trial that the photograph was her idea and that the toy gun belonged to the photographer.   Id. at 258-59. Therefore, the picture may be disparaging to Alisa Payne's character, but not petitioner's.[4]  The purpose of the picture was to show that Alisa Payne, petitioner's girlfriend was wearing jewelry similar to that which was stolen, and Alisa Payne's testimony that the photograph was her idea and that the gun belonged to the photographer diminished any prejudicial effect that the photograph had on the jury.   Therefore, the admission of the photograph did not affect the fundamental fairness of petitioner's trial, and petitioner is not entitled to federal habeas relief on this ground.   If any prejudice occurred, it was, at most, harmless error.

Petitioner asserts in ground 1(b) that the admission of the jewelry was improper since there was no evidence that the jewelry belonged to the victim and the jewelry had "great prejudicial effect with no probative

---

[4] Petitioner cites to Fed. R. Evid. 404(b) as the standard for admissibility of character evidence, arguing that the photograph was inadmissible.   Federal Rule of Evidence 404(b) concerns the inadmissibility of prior bad acts and prior crimes to prove the character of a person. The photograph is not a prior bad act or crime, and therefore, that Rule is inapplicable.

14

value," Doc. 1.  The Georgia Supreme Court held this claim was barred since petitioner raised no objection at trial, and if petitioner had objected, there was in fact evidence in the record tying the jewelry to the crimes. Butler, 541 S.E.2d at 657.  While petitioner argues that there was no evidence that the jewelry belonged to the victim, a victim of the burglary testified at trial that one of the men involved in the crime pulled off her jewelry.  Trial Tr. at 278.  This jewelry was recovered from Alisa Payne, who testified at trial that she received the jewelry from petitioner.  Id. at 248.  The jewelry was then admitted into evidence without objection, and the witness identified the jewelry as belonging to her.  Id. at 279.  Although "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice," Fed. R. Evid. 403, here the jewelry was relevant evidence and a proper matter for the jury to consider in assessing petitioner's guilt or innocence, and its probative value was not substantially outweighed by the danger of unfair prejudice so as to jeopardize the fundamental fairness of petitioner's trial.

The admission of the jewelry and the photograph were not sufficiently prejudicial to petitioner's trial, and nothing in the record indicates that the

trial was so fundamentally unfair as to deprive petitioner of his due process rights. Thus, petitioner's claims of trial court error in grounds 1(a) and 1(b) fail to state a ground upon which federal habeas relief may be granted. Accordingly, the Court recommends that these claims be DISMISSED.

## C.   Prosecutorial Misconduct.

Petitioner alleges in grounds 2(a)-2(c) that he was denied due process because of various incidents of prosecutorial misconduct arising from the introduction of false and improper testimony and the improper comments regarding his co-defendant's murder conviction. Doc. 1. Petitioner raised each of these claims in his direct appeal to the Georgia Supreme Court, which found no evidence of prosecutorial misconduct. Butler, 541 S.E.2d at 657.

Prosecutorial misconduct claims do not compel habeas corpus relief unless they "render[ed] the trial fundamentally unfair." Darden v. Wainright, 699 F.2d 1031, 1034 (11th Cir. 1983) (citing Houston v. Estelle, 569 F.2d 372, 378 n. 8 (5th Cir.1978)); see also Donnely v. DeChristoforo, 416 U.S. 637, 644 (1974) (to establish a constitutional claim, defendant

must show prosecutor's improper comment so infected the trial with unfairness as to make the resulting conviction a denial of due process).  In reviewing prosecutorial conduct for due process violations, the Court must view the comments or conduct in the context of the trial as a whole. Darden, 699 F.2d at 1034 (citing Cobb v. Wainwright, 609 F.2d 754, 755 n. 7 (5th Cir.1980)).

In ground 2(a), petitioner claims that the state impermissibly cross-examined him regarding his first-offender status.  Doc. 1.  Petitioner himself introduced evidence of his criminal history at trial when he testified on direct examination that he had been on parole.  Trial Tr. at 407.  The state then briefly cross-examined him about this comment.  Trial Tr. at 408.   There is no evidence of any prosecutorial misconduct, as the prosecution did not introduce evidence of petitioner's first-offender status but simply questioned petitioner in response to petitioner's own statements. Therefore, the prosecutor's questions about petitioner's criminal status did not affect the fundamental fairness of petitioner's trial, and petitioner is not entitled to federal habeas relief on this ground.

In ground 2(b), petitioner claims that he was denied due process when the prosecutor commented during his closing argument that petitioner's co-defendant had been convicted of murder. Doc. 1. Petitioner's counsel introduced this information during his opening statement, apparently to discredit co-defendant's anticipated testimony. Trial Tr. at 26. Because petitioner's counsel himself introduced this evidence at trial, petitioner has failed to establish prosecutorial misconduct on this ground that would render his trial fundamentally unfair.

In ground 2(c), petitioner claims that the prosecution knowingly offered perjured testimony of a jailhouse informant, Coma, to obtain petitioner's conviction. Doc. 1. Perjury occurs when a witness testifying under oath or affirmation "gives false testimony concerning a material matter with the willful intent to provide false testimony." United States v. Dunnigan, 507 U.S. 87, 94 (1993). In order to obtain relief on a perjury claim, petitioner must demonstrate that the prosecutor "'knowingly used perjured testimony, or failed to correct what he subsequently learned was false testimony,' and that the falsehood was material." United States v. Dickerson, 248 F.3d 1036, 1041 (11th Cir.2001) (citing Tompkins v. Moore,

193 F.3d 1327, 1339 (11th Cir. 1999)).  Here, Coma testified at trial that while they were in jail together, petitioner confessed to him about the burglary and murder.  Trial Tr. at 340-342.  Petitioner claims that Coma "had a motive to lie because he was avenging himself for the beating he had taken in jail at the hand of [petitioner]."  Doc. 1.  At trial, Coma stated that the reason he was testifying was because he knew the murder victim, Maurice Tucker, and that Maurice Tucker saved his life.  Id. at 345.  Even if Coma had a motive to lie, petitioner has failed to prove that Coma's testimony was in fact false or that the prosecutor used Coma's testimony knowing that it was false.

Petitioner further contends that a statement made by the prosecutor during his closing argument proves that the state knew Coma's testimony was perjured.  The prosecutor told the jury "[i]f you don't believe [Coma], forget it.  But listen to the other evidence in this case."  Trial Tr. at 459.  These comments go to the weight of Coma's testimony rather than its veracity, and they do not indicate that the state knew Coma had perjured himself.  Petitioner has failed to prove that the state knowingly used perjured testimony;  therefore his claim under ground 2(c) fails to

demonstrate any evidence of prosecutorial misconduct that would render his trial fundamentally unfair.

Petitioner has failed to demonstrate evidence of any prosecutorial misconduct; therefore, there is no evidence that his trial was fundamentally unfair. Thus, petitioner's claims of prosecutorial misconduct in grounds 2(a)-2(c) fail to state a ground upon which federal habeas relief may be granted. Accordingly, it is recommended that these claims be DISMISSED.

**D.    Ineffective Assistance of Trial Counsel**

In grounds 3(a)-3(f), petitioner asserts various claims of ineffective assistance of trial counsel. Doc. 1. Petitioner raised each of these claims in his direct appeal to the Georgia Supreme Court, which found that petitioner had failed to meet his burden of showing ineffectiveness of trial counsel under the standard set forth in Strickland v. Washington, 466 U.S. 668, 687 (1984). Butler, 541 S.E.2d at 659-600. Under Strickland, a defendant must first demonstrate that his attorney's performance was deficient, which requires a showing that "counsel made errors so serious that counsel was

not functioning as the 'counsel' guaranteed by the Sixth Amendment." Id. Second, a defendant must demonstrate that the defective performance prejudiced the defense to such a degree that the results of the trial cannot be trusted. Id.

In ground 3(a), petitioner alleges that trial counsel was ineffective for placing into evidence the fact that petitioner had been on parole. Doc. 1. The Georgia Supreme Court held that any decision to be "forthright about [petitioner's] prior brushes with the law could reasonably be deemed trial strategy," and strategic decisions do not amount to inadequate or ineffective representation under Strickland. Butler, 541 S.E.2d at 659. Therefore, petitioner had "failed to show such claimed ineffectiveness." Id.

In ground 3(b), petitioner alleges that trial counsel was ineffective for failing to adequately cross-examine Robert Coma, the state's jail-house informant. Doc. 1. The Georgia Supreme Court found that trial counsel conducted a substantial cross-examination of this witness and that "a matter such as cross-examination of a witness is most often grounded in trial tactics and strategy and in those instances, provides no basis for finding counsel's performance deficient." Butler, 541 S.E.2d at 659.

21

Without a finding of deficient performance, the court held that petitioner had failed to meet his burden under <u>Strickland</u>.

In ground 3(c), petitioner alleges that trial counsel was ineffective for failing to call an alibi witness. Doc. 1. The Georgia Supreme Court found that petitioner had failed to allege any facts about this witness or the alleged alibi, and without more than such a conclusory allegation, petitioner could not demonstrate any prejudice that would amount to ineffective assistance of counsel. <u>Butler</u>, 541 S.E.2d at 659.

In ground 3(d), petitioner alleges that trial counsel was ineffective for failing to investigate his claim of actual innocence.[5] Doc. 1. The Georgia Supreme Court found held that any such evidence "cannot be deemed to be prejudicial to [petitioner] in the absence of a showing that the evidence would have been relevant and favorable to the [petitioner]," and petitioner had failed to demonstrate any relevance. <u>Butler</u>, 541 S.E.2d at 659.

---

[5] While petitioner phrases this claim slightly differently than the claim in his direct appeal, in which he alleged that trial counsel was ineffective for failing to adequately investigate the case, the substance of these claims are identical. In both his direct appeal and the instant petition, petitioner argues that trial counsel failed to contact the jailhouse administrator to refute Robert Coma's testimony. <u>See</u> Doc. 1. and Resp. Ex. 1a (Petitioner's appellate brief). Therefore, his claim of ineffective assistance of counsel in ground 3(d) is not procedurally defaulted as Respondent contends.

Without a finding of prejudice, petitioner could not demonstrate that counsel was ineffective as required under <u>Strickland</u>.

In ground 3(e), petitioner alleges that trial counsel was ineffective for failing to object to prejudicial evidence on the ground of relevancy, including a claim in ground 1(b) that trial counsel was ineffective for failing to object to the relevancy of the jewelry seized from the victim. Doc. 1. The Georgia Supreme Court found that petitioner's claim had no merit since "the items were identified as taken from the victims and were clearly relevant on the question of [petitioner's] involvement in the crime." <u>Butler</u>, 541 S.E.2d at 659. Because these items were "clearly relevant," petitioner had failed to demonstrate ineffective assistance of counsel. <u>Id.</u>

In ground 3(f), petitioner alleges that trial counsel was ineffective for failing to prepare motions to suppress the state's evidence. Doc. 1. The Georgia Supreme Court found that petitioner had failed to allege any legal basis for suppressing this evidence and had therefore had failed to establish deficient performance. <u>Butler</u>, 541 S.E.2d at 659. Once again, petitioner could not meet his burden under <u>Strickland</u> absent a finding of deficient performance.

In evaluating each of these claims, the Georgia Supreme Court applied Supreme Court precedent and concluded that trial counsel's performance did not constitute ineffective assistance of counsel as contemplated in Stickland.  Consequently, this Court must adhere to the Georgia Supreme Court's reasonable application of proper Supreme Court precedent and find that petitioner's claims on the above grounds are without merit. Accordingly, this claim should be DISMISSED.


**E.     Insufficiency of Evidence**

Petitioner alleges that the evidence presented at trial was constitutionally insufficient to support his convictions.  Doc. 1.  When a habeas petitioner asserts that there is insufficient evidence in the record to sustain his conviction, the court must determine whether a rational trier of fact, viewing the light most favorable to the prosecution, could have found petitioner guilty of the charged crimes beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 324 (1979).  When weighing the sufficiency of the evidence, the court is not required to find that the evidence excludes every hypothesis except that of guilt beyond a reasonable

doubt. Id. at 326; Wilcox v. Ford, 813 F.2d 1140 (11th Cir. 1987), cert. denied, 484 U.S. 925 (1987). "Faced with a record of historical facts that supports conflicting inferences, the court must presume that the jury resolved the conflicts in favor of the prosecution, deferring to the jury's judgment as to the weight and credibility of the evidence." Wilcox, 813 F.2d at 1143. "The simple fact that the evidence gives some support to the defendant's theory of innocence does not warrant the granting of habeas relief." Id.

In considering this claim on direct appeal, the Georgia Supreme Court noted that petitioner was principally asserting that "the only direct evidence of his participation in the crimes was the testimony of the jailhouse informant, Coma, and that such testimony was motivated by Coma's desires for revenge and to better his own situation, and therefore, was not credible." Butler, 541 S.E.2d at 657. The court stated that the role of the jury is to assess the credibility of the witnesses and resolve any conflicts in the evidence in order to arrive at a determination of the facts. Id. The court found that based on the Jackson standard, the evidence was sufficient for the jury to convict petitioner beyond a reasonable doubt. Id.

In evaluating this claim, the Georgia Supreme Court applied the proper Supreme Court precedent and reasonably determined that the evidence was sufficient to conclude beyond a reasonable doubt that petitioner was guilty on all counts. Consequently, petitioner's claim for relief on ground 4 is without merit. Therefore, this claim should be DISMISSED.


## V.    CONCLUSION

For the foregoing reasons, the Court finds that petitioner fails to state grounds on which § 2254 relief may be granted. Accordingly, the Court recommends that the instant petition be DISMISSED[6].

**SO REPORTED AND RECOMMENDED this** $\underline{30^{Th}}$ **day of November, 2006.**

_____

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[6]Petitioner requests an evidentiary hearing on his petition. Doc. 1. Petitioner's allegations, if true, would not entitle him to habeas relief; therefore, petitioner's request is DENIED.